**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000105
25-SEP-2019
08:06 AM**

NO. CAAP-16-0000105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES A. KRENTLER, Plaintiff-Appellee,
v.
LINDA D. KRENTLER, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 14-1-1731)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Plaintiff-Appellee James A. Krentler (**Husband**) and Defendant-Appellant Linda D. Krentler (**Wife**) were married on September 22, 2006, in Honolulu, Hawai'i. They separated on August 31, 2014. Their **Divorce Decree** was entered by the Family Court of the First Circuit (**Family Court**)[1] on February 19, 2016. Wife appeals. She contends:

1. the Family Court lacked subject matter juris-diction over the divorce proceeding; and

2. the Family Court abused its discretion when it bifurcated the divorce proceeding.

For the reasons explained below, we affirm the Divorce Decree.

**I.**

On the date of their marriage Husband was 79 years old and had a net worth of over $19 million. Wife was 56 years old

---

[1] The Honorable Nancy Ryan presided.

and had a net worth of about $250,000. They signed a premarital agreement (**PMA**) before they were married. The PMA contained a choice of law provision stating that the Hawai'i Uniform Pre-marital Agreement Act, Hawaii Revised Statutes (**HRS**) Chapter 572D, would govern any legal action over the PMA. The PMA also contained a forum selection provision stating that Hawai'i would have "exclusive jurisdiction and venue" over any legal action.

When they separated Husband was 87 years old and Wife was 64 years old. Husband filed a complaint for divorce in Hawai'i on December 8, 2014. He sought division of assets and debts in accordance with the PMA. On December 30, 2014, Wife filed for divorce in the state of Wyoming, where she was living at the time. She sought a declaration that the PMA was void or invalid. Husband moved to dismiss the Wyoming action. The Wyoming court dismissed Wife's action by order entered on July 1, 2015.

Husband made several unsuccessful attempts to personally serve Wife with the Hawai'i divorce complaint. Husband contended that Wife was evading service. On April 13, 2015, Husband moved to serve Wife by publication. The Family Court granted the motion and an affidavit of publication was filed on May 8, 2015. Wife was also personally served in Wyoming on May 21, 2015. She answered the Hawai'i divorce complaint on June 4, 2015. Her answer contested subject matter jurisdiction.

In the meantime, Husband filed a motion to bifurcate the dissolution of the marriage from the other parts of the case.[2] An evidentiary hearing was held on November 6, 2015. The motion was granted by order entered on November 16, 2015. An amended order was entered on December 22, 2015. The amended order set a trial on the issue of subject matter jurisdiction for January 29, 2016.

---

[2]     Hawai'i divorce cases can involve up to four parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Kakinami v. Kakinami, 125 Hawai'i 308, 312, 260 P.3d 1126, 1130 (2011) (citing cases).

The trial on jurisdiction was conducted on January 29, 2016. The Family Court concluded that it had jurisdiction over the case and found good cause for granting Husband a divorce and reserving jurisdiction on all other matters. The Divorce Decree was filed on February 19, 2016. The Family Court entered findings of fact and conclusions of law on March 14, 2016. On April 12, 2016, the Family Court stayed further proceedings pending appeal. This appeal followed.

## II.

### A.    The Family Court Had Subject Matter Jurisdiction

The jurisdiction of the family court is reviewed de novo under the right/wrong standard. Hsieh v. Sun, 137 Hawai'i 90, 98, 365 P.3d 1019, 1027 (App. 2016) (citing Puckett v. Puckett, 94 Hawai'i 471, 477, 16 P.3d 876, 882 (App. 2000)). HRS § 580-1(a) (Supp. 2014) provides, in relevant part:

> Exclusive original jurisdiction in matters of . . . divorce, . . . subject to section 603-37 as to change of venue, and subject also to appeal according to law, is conferred upon the family court of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor[.] . . . **No absolute divorce from the bond of matrimony shall be granted for any cause unless either party to the marriage has been domiciled or has been physically present in the State for a continuous period of at least six months next preceding the application therefor[.]**

(emphasis added). Wife contends that subject matter jurisdiction in divorce cases must be based on domicile, and that "it is not sufficient for one of the parties only to have been 'physically present' in the State of Hawaii [Hawai'i]." Wife is wrong. "Hawai'i law specifically requires that either party to the marriage be 'domiciled' or 'physically present' in the State of Hawai'i for at least six months preceding the divorce in order for the family court to grant a divorce." Hsieh, 137 Hawai'i at 97, 365 P.3d at 1026 (citing HRS § 580-1(a) and Puckett, 94 Hawai'i at 482, 16 P.3d at 887) (underscoring added). "[T]he

3

durational six-month period applies to . . . physical presence." Puckett, 94 Hawai'i at 482 n.12, 16 P.3d at 887 n.12.

The Family Court found:

> 26.    Husband has been physically present in the City & County of Honolulu for a continuous period of time for more than six months before filing the December 8, 2014 Complaint for Divorce.
>
> a.    At the 1/29/16 Extended Hearing, Wife stipulated that Husband was physically present in Hawaii from May 2014 to December 2014:
>
>> Mr. King: We stipulate . . . that Husband was physically present in Hawaii from May 2014 to December 2014.
>
> 1/29/16 Hearing Tr. at 8.
>
> b.    At the 11/6/15 Extended Hearing, Husband testified that he lived at his home, 3019 Kalakaua Avenue, Honolulu, for more than six months before he filed the December 8, 2014 Complaint for Divorce:
>
>> Q    . . . And have you lived there at 3019 Kalakaua Avenue for more than six months before you filed the complaint for divorce in this case?
>>
>> A    Yes.
>
> 11/6/15 Hearing Tr. at 58.

Wife does not challenge this finding of fact or her stipulation. Because Husband was physically present in Hawai'i for at least six months preceding the filing of his complaint for divorce, the Family Court was right when it concluded that it had subject matter jurisdiction over the proceeding.   We need not decide Wife's challenges to the Family Court's findings of fact or conclusions of law concerning Husband's domicile because Husband's physical presence is not challenged and makes domicile factually and legally irrelevant.

**B.    The Family Court Did Not Abuse its Discretion in Bifurcating the Dissolution of the Marriage**

The family court's ability to bifurcate divorce proceedings is governed by HRS § 580-47(a) (1993 & Supp. 2014), which provides, in relevant part:

> Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), *jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that* **good cause** *exists*, the court may make any further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties; (2) compelling either party to provide for the support and maintenance of the other party; (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce.

(emphasis added). Thus, "good cause" is the proper standard for bifurcating the dissolution of marriage from the remaining parts of a divorce case. Kakinami, 125 Hawaiʻi at 314, 260 P.3d at 1132.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Id. at 311-12, 260 P.3d at 1129-30 (citations omitted). Wife agrees that the standard for bifurcation is "good cause," but contends that the Family Court abused its discretion in finding good cause in this case. We disagree.

An action for divorce is a purely personal matter which extinguishes upon the death of either party. See Camp v. Camp, 109 Hawaiʻi 469, 128 P.3d 351 (App. 2006) (holding that party's death prior to entry of formal divorce decree extinguished divorce action and family court's jurisdiction to enter divorce decree). The possible abatement of a divorce action constitutes good cause under HRS § 580-47(a) for granting petitioner a divorce and reserving jurisdiction over all other matters. Kakinami, 125 Hawaiʻi at 314, 260 P.3d at 1132. The Family Court made numerous findings of fact concerning Husband's advanced age, medical problems, and life expectancy, all of which

are supported by substantial evidence in the record. The Family Court also made numerous findings of fact concerning Wife substantially delaying the resolution of Husband's divorce action, all of which are supported by substantial evidence in the record. Finally, the Family Court made findings, which were supported by substantial evidence in the record, that Husband's death before dissolution of the marriage would cause unfair prejudice to Husband because Husband's estate would be required to pay an additional $500,000 to Wife under the PMA. We hold that the Family Court did not abuse its discretion in bifurcating the dissolution of Husband's and Wife's marriage from the remaining parts of the case.

### III.

Based upon the foregoing, the Divorce Decree entered by the Family Court of the First Circuit on February 19, 2016, is affirmed.

DATED: Honolulu, Hawai'i, September 25, 2019.

On the briefs:

Thomas E. Crowley,
for Plaintiff-Appellee.

Samuel P. King, Jr.,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge